UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHRISTOPHER RICHINS, and BRANDON
OKANO, on behalf of themselves and all
others similarly situated,

                            Plaintiffs,

       -against-

HOFSTRA UNIVERSITY, MAURICE
A. DEANE SCHOOL OF LAW AT
HOFSTRA UNIVERSITY, and
DOES 10-20,

                        Defendants.
----------------------------------------------------------X

__MEMORANDUM AND ORDER__

CV 12-1110

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N Y

★     DEC 1  2012    ★

LONG ISLAND OFFICE

APPEARANCES:

      STRAUSS LAW, PLLC
      BY: JESSE STRAUSS, ESQ.
      LAW OFFICES OF DAVID ANZISKA
      BY: DAVID ANZISKA, ESQ.
      LAW OFFICE OF FRANK RAIMOND
      BY: FRANK RAIMOND, ESQ.
      305 Broadway, 9th Floor
      New York, New York 10007
      Attorneys for Plaintiffs

      PROSKAUER ROSE LLP
      BY: LAWRENCE I. WEINSTEIN, ESQ.
      Eleven Times Square
      New York, New York 10036
      Attorneys for Defendants

WEXLER, District Judge:

    This is a case commenced in the Supreme Court of the State of New York, County of

Nassau. Plaintiffs' complaint alleges only state law causes of action and was removed to this

court pursuant to 28 U.S.C. §1332(d)(2)(A), the Class Action Fairness Act of 2005 ("CAFA").

Presently before the court is Plaintiffs' motion for remand.

BACKGROUND

I.    The Parties, Prior Proceedings and the Motion

Plaintiffs, alumni of Maurice A. Deane School of Law at Hofstra University ("Hofstra" or

the "Law School") allege that Hofstra published misleading and deceptive information regarding

graduate employment rates and salaries.  It is further alleged that as a result of this deceptive

conduct, tuition rates at the Law School were inflated, damaging both Plaintiffs and a similarly

situated class they seek to represent.  The class, as alleged by Plaintiffs, consists of:

> all persons who are either presently enrolled or have attended the Maurice A. Deane
>
> School of Law at Hofstra University to obtain a JD degree within a six-year period prior
>
> to February 1, 2012

(the "Plainitff Class").

Plaintiffs seek damages for common law fraud, misrepresentation and the alleged

violation of Section 349 of the New York General Business Law.  Defendants are Hofstra

University, the Maurice A. Deane School of Law and "Does 1-20." Defendant asserts that the

Maurice A. Deane School of Law is not a separate entity subject to suit. In any event, the court

refers herein to all Defendants collectively, as above, as "Hofstra" or the "Law School."

As noted, this case was commenced in the Supreme Court of the State of New York,

County of Nassau. Defendants removed pursuant to CAFA, which allows for the removal of

certain cases where, as discussed below, there is less than complete diversity of citizenship

among the parties. Shortly after removal, Plaintiffs requested a pre-motion conference to discuss

2

a motion, pursuant to 28 U.S.C. §1332(3), to remand the case to state court. Recognizing that a decision on such a motion depended on the issue of the citizenship of members of the Plaintiff Class, this court ordered that the parties engage in expedited discovery on this issue. That discovery is complete and the motion for remand is now before the court. After setting forth applicable legal standards, the court will turn to the merits of motion.

## DISCUSSION

### I.    CAFA Standards

CAFA allows for the exercise of federal diversity jurisdiction over class actions involving 100 or more class members, in which the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs), and there is minimal diversity, i.e., where, inter alia, at least one member of the putative class and one defendant are citizens of different states. Anirudh v. CitiMortgage, Inc., 598 F. Supp.2d 448, 450 (S.D.N.Y. 2009); 28 U.S.C. § 1332(d)(2)(A). CAFA thus expands federal diversity jurisdiction allowing removal of cases lacking complete diversity of citizenship among the parties. See BlackRock Financial Management Inc. v. Segregated Account of Ambac Assur. Corp., 673 F.3d 169, 175 (2d Cir. 2012). By legislating the expansion of diversity jurisdiction, Congress intended to allow federal courts to keep "cases of national importance" in Federal court, and "to restore the intent of the framers of the Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Mattera v. Clear Channel Communications, Inc., 2006 WL 3316967 *7 (S.D.N.Y. 2006) (citations omitted).

CAFA provides for certain enumerated exceptions to the exercise of federal jurisdiction, including three that provide for remand based upon the citizenship of the parties in particular

3

cases. CAFA sets forth two classes of cases in which remand is mandatory. These mandatory

exceptions to CAFA "are designed to draw a delicate balance between making a federal forum

available to genuinely national litigation and allowing the state courts to retain cases when the

controversy is strongly linked to that state." Sorrentino v. ASN Roosevelt Center, LLC, 588 F.

Supp.2d 350, 355 (E.D.N.Y. 2008) (citations omitted). The two sets of circumstances where

remand is mandatory are set forth in 28 U.S.C. §§ 1332(d)(4)(A) and (d)(4)(B). First, remand is

mandatory where:

> (1) greater than two thirds of the putative class are citizens of the state in which the action was commenced;
>
> (2) there is at least one defendant from whom "significant relief" is sought, whose conduct forms a "significant basis" for the asserted claims, and who is a citizen of the state in which the action was filed;
>
> (3) the principal injuries suffered by the class were incurred in the state in which the action was filed; and
>
> (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the past three years.

§ 1332(d)(4)(A).

Remand is also mandatory where two thirds or more of the members of the proposed

plaintiff class and the "primary defendants" are citizens of the state in which the action was

originally filed. 28 U.S.C. § 1332(d)(4)(B).

CAFA provides for discretionary remand where greater than one-third, but less than

two-thirds of the members of the proposed plaintiff class and the primary defendants are citizens

of the state where the action was originally filed. 28 U.S.C. §1332(d)(3). When deciding

whether to exercise the discretion to remand, the court considers the following statutory factors:

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. §1332 (d)(3). Citizenship of members of a proposed CAFA class are to be determined as of the date of the filing of the complaint. 28 U.S.C. §1332((d)(7).

II.    Citizenship

Determining the citizenship of parties for the purpose of the diversity statute presents a mixed question of law and fact. Citizenship is determined by domicile. Domicile, in turn, reflects "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). Thus, the concept of domicile includes both physical presence in a state, along with the intent to remain there. Id.; Winkler v. Hirsch, 2012 WL 3779295 *2 (E.D.N.Y. 2012).

III.    Standards On Motion To Remand: Burdens of Proof

Cases removed pursuant to CAFA are subject to the general remand statute, 28 U.S.C. § 1447. Blackrock, 673 F.3d at 175. Where, as here, jurisdiction is premised on CAFA, the party

seeking remand bears the burden of proving that a CAFA exception applies. Mattera, 2006 WL 3316967, at *10; accord Sorrentino, 588 F. Supp.2d at 353-54.

The parties take different positions with regard to the level of proof required to sustain a plaintiff's burden of showing the propriety of remand. Relying primarily on In re Sprint Nextel Corp., 593 F.3d 669 (7th Cir. 2010), Hofstra argues that Plaintiff must show the existence of a CAFA exception by a preponderance of the evidence. Id. at 673. Plaintiffs, on the other hand, argue that it need show only that it is "reasonably likely" that the citizenship of the parties requires remand. See Mattera, 2006 WL 3316967 *11 (relying on evidence showing that it is "reasonably likely" that members of the putative class are citizens of state in which action was commenced). The Second Circuit has not decided the issue of the proper burden of proof.

IV.     The Evidence

Pursuant to the order that for discovery, Hofstra produced documentary evidence from its own databases disclosing address information in its possession for the classes of 2007, 2008, 2009, 2010, 2011, 2012, and those currently enrolled at the Law School. Each address is linked to a database code that describes the nature of the address. For example, the database code "LA" refers to a local address, "MA" refers to a mailing address, "RH" refers to resident housing, "TA" refers to temporary housing, and "PA" refers to the student's parents' address. When reviewing and presenting the information relied upon in support of their motion, Plaintiffs considered only the most recent addresses information available. Thus, if there was more than a single address listed for an individual, only the most recent information was considered. Additionally, when considering residency of students and alumni, Plaintiffs excluded from their calculations addresses marked as local, parental, residential housing, or temporary. Instead,

6

Plaintiffs considered only the most recent mailing address provided by Hofstra.

Based upon the above-described assessment of the data, Plaintiffs present the following calculations to the court:

| Class Year | Percentage of Graduates With New York Mailing Addresses |
|---|---|
| 2007 | 73% |
| 2008 | 79% |
| 2009 | 80% |
| 2010 | 75% |
| 2011 | 73% |
| 2012 | 83% |

As for current students, Plaintiffs present data showing that 76% list an address in the State of New York. Plaintiffs also rely employment data reported in *U.S. News and World Report ("US News")*. That data refers to percentages of Hofstra graduates employed in New York State. The *U.S. News* data indicates that for the graduating classes of 2006, 2008, 2009 and 2010, 71%,84%, 85% and 82%, respectively, reported being employed within the State of New York.

V.      Disposition of the Motion

Plaintiffs contend that they have satisfied the requirements for both mandatory and discretionary remand under CAFA. As noted, it is Plaintiffs who bear the burden of proving that a CAFA exception applies. In light of the uncertainty of the proper standard of proof to be applied, the court will take the most conservative approach and apply the preponderance of the evidence standard to determine whether an exception to CAFA applies here. When considering the information presented in light of this burden, the court has little difficulty concluding that the mandatory exceptions to CAFA require remand.

The data and calculations set forth by Plaintiffs support strongly the argument that greater than two-thirds of the members of the Plaintiff Class are citizens of the State of New York. Hofstra does not take issue with the accuracy of the data it provided, or Plaintiffs' mathematical calculations. It does however, take issue with Plaintiff's conclusion that the data supports its claims as to the citizenship of the Plaintiff Class. Essentially, Hofstra argues that the information it provided regarding student addresses is completely irrelevant to this court's determination as to the actual citizenship of any member of the Plaintiff Class at the time when the complaint was filed. The information, according to Hofstra, says nothing about the critical issue of domicile. The court disagrees.

While Hofstra's information may not reflect with perfect accuracy the current domicile and intent to remain in New York of each and every member of the Plaintiff Class as of the date of commencement of this lawsuit, Hofstra's information is not, as characterized by the Law School, stale and probative of nothing. Instead, the court considers the information as highly probative of whether or not members of the Plaintiff Class are, indeed, citizens of the State of New York. Plaintiffs took care to exclude temporary, on-campus, parental, and knowingly stale information from their calculations. Even taking this conservative approach Plaintiffs have shown, by a preponderance of the evidence, that greater than two-thirds of the Plaintiff Class are residents of the State of New York. Coupled with the employment data presented, the court holds that Plaintiffs have demonstrated, by a preponderance of the evidence, that more than two-thirds of the Plaintiff Class are citizens of the State of New York.

Hofstra argues that Plaintiffs need to show more. Taken to its logical conclusion, Hofstra's argument would require this court to conduct a full trial on the merits as to the

8

citizenship of every class member before reaching a determination of whether or not a CAFA exception applies. That cannot be the intent of the statute. Indeed when determining in the context of a motion to remand whether a CAFA exception applies, the court is required to make a citizenship determination at the very early stages of the litigation. While this may be a very difficult task in many cases, that is not the case where, as here, Plaintiffs submit actual mailing addresses maintained by Defendants, as well as follow-up information. Instead, the court holds that information available in this matter is highly probative of the issue of the citizenship of the Plaintiff Class at the time of lawsuit was commenced. That evidence supports the conclusion that greater than two thirds of the Plaintiff Class are citizens of the State of New York.

The court holds also that the remaining requirements for mandatory remand are present here. Pursuant to 28 U.S.C. §1332(d)(4)(A), Hofstra is a defendant from whom "significant relief" is sought, and whose conduct forms a "significant basis" for Plaintiffs' claims. Moreover, Hofstra is a citizen of New York, the principal injuries alleged were suffered by the Plaintiff Class within this state, and there is no evidence of any other class action asserting the same or similar factual allegations as those set forth herein. Further, the requirement for mandatory remand pursuant to 28 U.S.C. § 1332(d)(4)(B), is met since the "primary defendants" are citizens of the State of New York.

Even if the court were to hold that mandatory remand was not justified, it would hold that consideration of the factors enumerated in 28 U.S.C. §1332 (d)(3), renders discretionary remand appropriate. Such discretionary remand is clearly warranted here because: (1) all claims asserted are governed by laws of the State of New York; (2) the action was not pleaded in a manner that

seeks to avoid Federal jurisdiction;[1] (3) New York is a forum with a clear nexus with the class

members; (4) the alleged harm, and the Defendants, as well as the number of New York residents

within the Plaintiff Class is substantially larger, in the aggregate, than the number of citizens

from any other State; (5) to the extent that any Hofstra students are from out of New York state,

their citizenship is dispersed among a substantial number of other states, and, (6) during the

3-year period preceding the filing of this action, no other class actions asserting the same or

similar claims on behalf of the same or other persons have been filed. 28 U.S.C. §1332 (d)(3).

Seeking to avoid even discretionary remand, Hofstra makes much of the fact that

Plaintiffs' counsel has commenced similar lawsuits involving other law schools across the

country. This fact, however, does not require a finding that the claims asserted are of "national or

interstate interest," as contemplated by 28 U.S.C. §1332(d)(3)(A). The claims asserted here arise

under state laws regarding fraud and misrepresentation. It is the individual states and not the

federal government that regulate schools of law and bar admission. Such matters are not, in the

first instance, regulated by any arm of the federal government. The matters raised here, and

similar claims raised in other states, are governed by the laws and rules of each state. The

enforcement of those state laws are matters of great important to those states and not, simply by

virtue of the fact that several law schools have been sued, matters of national importance. In any

event, the vast majority of the factors required to be considered under 28 U.S.C. §1332(d)(3)

point strongly in favor of discretionary remand. Thus, even if the court had not ordered

---

[1]      Defendants' argument that this factor weighs against remand is ironic in that they
         have argued elsewhere that Plaintiff could have described the Plaintiff Class in a
         narrower fashion by pleading the inclusion of only current New York citizens
         instead of pleading broadly, as they did, a class including all Hofstra alumni and
         current students.

mandatory remand, it would hold discretionary remand appropriate. See Commisso v.

PricewaterhouseCoopers LLP, 2012 WL 3070217 *4 (S.D.N.Y. 2012) ("totality of

circumstances" rather than fulfillment of all statutory factors to be considered when deciding

discretionary remand).

## CONCLUSION

For the foregoing reasons, the court grants Plaintiffs' motion to remand. The Clerk of the

Court is directed to terminate the motion appearing as docket entry number 21, transfer the file in

this case back to the Supreme Court of the State of New York, County of Nassau, and to

thereafter close the file in this matter.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
December 10, 2012